IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HASAN A. HAJMOHAMMAD, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL NO. 3:08-CV-021-K |
| § | ECF |
| LISA KEHL[1], District Director, § | |
| U.S. Citizenship and Immigration § | |
| Services, et al, § | |
| Defendants. § | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S
### ORIGINAL PETITION FOR HEARING ON NATURALIZATION
### AND FOR DECLARATORY RELIEF

Defendants, Lisa Kehl, District Director, District 16, United States Citizenship and Immigration Services (hereinafter "USCIS"); Michael Chertoff, Secretary of Homeland Security, Department of Homeland Security; Robert Mueller, Director of the Federal Bureau of Investigation; and Michael B. Mukasey, Attorney General of the United States of America, by and through the United States Attorney for the Northern District of Texas, and for their Answer to Plaintiff's Petition for Hearing on Naturalization and for Declaratory Relief state as follows:

    1.    Defendants admit the allegations contained in the first two sentences of paragraph 1, and that Plaintiff's application for naturalization remains pending. Defendants submit the remaining allegations in the first numbered paragraph 1 of the

---

[1] Lisa Kehl replaced Angela K. Barrows, District Director, District 16, U.S. Citizenship and Immigration Services.

**Defendants' Answer to Plaintiff's Original Petition for Hearing on Naturalization/Declaratory Relief - Page 1**

complaint constitute Plaintiff's characterization of this action and/or prayer for relief, and/or conclusions of law to which no response is required. To extent that a response is required, Defendants deny the allegations.

2.   Defendants admit the first sentence of paragraph 2 (notwithstanding the previous notation that Lisa Kehl replaced Angela K. Barrows as District Director, District 16, United States Citizenship and Immigration Services) and is sued in her official capacity. The remaining averments contain a statement of jurisdiction. To the extent an answer is required, it is denied.

Defendants admit the second sentence of paragraph 2 in that Emilio Gonzalez is the Director of the United States Citizenship and Immigration Services and is sued in his official capacity. The remaining averments contain a statement of jurisdiction. To the extent an answer is required, it is denied.

Defendants admit the third sentence of paragraph 2 in that Michael Chertoff is the Secretary of the Department of Homeland Security and is sued in his official capacity. The remaining averments contain a statement of jurisdiction. To the extent an answer is required, it is denied.

Defendants admit the fourth sentence of paragraph 2 in that Michael B. Mukasey is the Attorney General of the United States Department of Justice, United States of America, and is sued in his official capacity. The remaining averments contain a statement of jurisdiction. To the extent an answer is required, it is denied.

Defendants admit the fifth sentence of paragraph 2 in that Robert S. Mueller, III, is the Director of the Federal Bureau of Investigation and is sued in his official capacity.

The remaining averments in paragraph 2 contain a statement of jurisdiction and/or conclusions of law and not allegations of fact to which no answer is required. To the extent an answer is required, it is denied.

3.  Paragraph 3 of the Complaint contains a statement of venue. To the extent an answer is required, it is admitted.

4.  Defendants admit that Plaintiff's application has not been adjudicated, and that the results of his security background check are still pending. Defendants deny the remaining allegations contained in paragraph 4.

5.  Paragraph 5 is denied.

6.  Paragraph 6 is denied.

7.  Paragraph 7 of the Complaint paraphrases statutes that more adequately describe the statutory requirement. To the extent an answer is required, it is denied.

8.  Paragraph 8 of the Complaint paraphrases statutes that more adequately describe the statutory requirement. To the extent an answer is required, it is denied.

9.  Defendants deny that name checks are new to the background check process. The second, third, and fourth sentences of paragraph 9 are admitted.

10. The first sentence of paragraph 10 is admitted. The remaining allegations contained in paragraph 10 of the Complaint are denied.

**Defendants' Answer to Plaintiff's Original Petition for Hearing on Naturalization/Declaratory Relief - Page 3**

11. Paragraph 11 of Plaintiff's Complaint contains conclusions of law and not allegations of fact to which no answer is required. To the extent an answer is deemed necessary, denied.

12. Paragraph 12 of Plaintiff's Complaint contains conclusions of law and not allegations of fact to which no answer is required. To the extent an answer is deemed necessary, denied.

13. Defendants deny the averments in paragraph 13 of the Complaint.

14. Defendants deny any allegation of neglect of duty and instead claim they are following their statutory duty to await the completion of a background security investigation before adjudicating the Plaintiff's application.

15. Defendants deny any allegation of neglect of duty and instead claim they are following their statutory duty to await the completion of a background security investigation before adjudicating the Plaintiff's application.

16. Paragraph 16 of the Complaint contains a request for relief. To the extent an answer is required, it is denied.

## PRAYER FOR RELIEF

Paragraphs 1-4 on page 7 of Plaintiff's Complaint constitute a prayer for relief. To the extent an answer is required, the allegations are denied.

## GENERAL DENIAL

Any allegation contained in Plaintiff's Complaint which has not been specifically and expressly admitted by Defendants herein is hereby denied. Further answering,

**Defendants' Answer to Plaintiff's Original Petition for Hearing on Naturalization/Declaratory Relief - Page 4**

Defendants deny that Plaintiff is entitled to any legal or equitable remedy or relief prayed for in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. This Court is without jurisdiction to adjudicate Plaintiff's claims, pursuant to Rule 12(b)(1) the Fed. R. Civ. P.

In the event this Court finds it has jurisdiction to review Plaintiff's status in this matter, and finds Plaintiff is entitled to relief, the United States asks this Court to remand the case for further proceedings.

WHEREFORE, having fully and completely answered Plaintiff's Complaint, Defendants pray that this Complaint, in its entirety, be dismissed with prejudice, that judgment be entered in favor of Defendants, that costs be assessed against Plaintiff, and for such other further relief as the Court deems just and proper.

    Respectfully submitted,

    RICHARD B. ROPER
    United States Attorney

       /s/ *E. SCOTT FROST*
    E. SCOTT FROST
    Assistant United States Attorney
    Texas State Bar No. 07488080
    1205 Texas Avenue, Suite 700
    Lubbock, Texas 79401
    Tel:   806.472.7566
    Fax:   806.472.7324
    Email: scott.frost@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the  6th  day of  March  2008, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

Husein A. Abdelhadi
Abdelhadi & Associates
Attorneys at Law
4144 N. Central Expressway, Suite 1210
Dallas, Texas 75204

/s/ *E. SCOTT FROST*
E. SCOTT FROST
Assistant United States Attorney