ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 5 2008

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | |
|---|---|
| HASAN A. HAJMOHAMMAD, | § |
| | § |
| Plaintiff | § |
| | § |
| | § Civil Action No. 3:08-CV-0021-K |
| | § |
| LISA KEHL, DISTRICT DIRECTOR, | § |
| U.S. CITIZENSHIP AND | § |
| IMMIGRATION SERVICES, et.al., | § |
| | § |
| Defendant. | § |

## PARTIES' JOINT REPORT PROPOSAL

Plaintiff Hasan Hajmohammad and Defendants hereby submit the following Joint Report Proposal pursuant to the Court's Order entered March 6, 2008.

1. *Nature of the Claims and Defenses*

Plaintiff, a Lawful Permanent Resident of the United States, filed an Application for Naturalization on or about June 24, 2003. On March 5, 2004, Defendant Kehl, via her designated agent U.S. Citizenship and Immigration Services (USCIS) Officer Douglas Bush, interviewed Plaintiff on his naturalization application. Plaintiff successfully completed the English and U.S. History and Government examination component of the naturalization interview. However, Defendant could not recommend Plaintiff's application for approval then because the background checks were still incomplete. While over 4 years have elapsed since Plaintiff's interview, the background checks remain incomplete. As a result, Plaintiff has not been naturalized to date.

Defendant Kehl has still not adjudicated Plaintiff's application. Petitioner has repeatedly sought final processing of his application, and exhausted all administrative remedies that may exist. Nonetheless, Plaintiff's application remains undecided.

Defendants assert that adjudication of Plaintiff's naturalization application cannot occur until such time as his national security background investigation has been completed. Defendants further assert that until the requisite background investigation has been completed, the Court lacks subject matter jurisdiction over the naturalization

process pursuant to Rule 12(b)(1), Fed.R.Civ.P., and that Plaintiff has failed to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Defendants have, accordingly, requested a dismissal of the Plaintiff's Petition or a remand for further proceedings at the agency level.

Counsel for both parties conferred and participated in the preparation of this joint report proposal, and have approved the content thereof as evidenced by their respective signatures hereto.

2.    *Time Limit for Leave to Join Other Parties*

The parties do not contemplate the joinder of other parties at this time. However, the parties propose April 15, 2008 as the time limit if joinder of additional parties becomes necessary.

3.    *Time Limit to Amend Pleadings*

The parties propose fifteen (15) days after discovery as the time limit to file amended pleadings.

4.    *Time Limit for Motions*

Defendants seek a dismissal for lack of subject matter jurisdiction. The parties propose that all dispositive motions be filed with the Court ninety (90) days before trial. The parties propose that all other non-dispositive motions also be filed no later than ninety (90) days before trial.

5.    *Time Limit for Initial Designation of Experts*

The parties propose that the initial designation of all experts be limited to seventy-five (75) days before trial.

6.    *Time Limit for Responsive Designation of Experts*

The parties propose that any responsive designations of experts occur no later than sixty (60) days before trial.

7.    *Time Limit for Objections to Experts*

The parties propose that each party has ten (10) days from the receipt of expert designation to submit its objections to the experts.

8.    *Proposed Discovery Plan and Schedule*

The parties propose ninety (90) days for factual and expert discovery. The Plaintiff expects that discovery on the following subjects is needed: Petitioner's

(Plaintiff) background checks and their dates of completion; the procedure utilized for conducting background checks; the number of personnel conducting background checks; the resources devoted to conducting background checks; the number of files assigned to each person conducting background checks; the length of time required to conduct one background check; the number of cases pending because of incomplete background checks; and the length of time said cases have been awaiting completion of background checks.

9. *Changes to Discovery Limitations Set Forth in the FRCP*

The parties do not anticipate changes to the limitations set forth under the Federal Rules of Civil Procedure.

10. *Proposed Trial Date, Length of Trial*

The parties propose a trial date of August 4, 2008, and estimate one (1) day is required for trial.

11. *Further Settlement Negotiations*

The parties have not yet engaged in settlement negotiations. The parties believe that settlement prospects are unlikely at this time, but propose May 15, 2008 as the time limit for such negotiations.

12. *Objections to FRCP 26(a)(1)*

Plaintiff has no objections to disclosure under Rule 26(a)(1).

Defendants object to disclosures under Fed.R.Civ.P. 26(a)(1), pursuant to Rule 26(a)(1)(B)(i).

13. *Jury Trial Before Magistrate*

The parties do not desire a jury trial at the present time.  Plaintiff has previously electronically filed his Consent to Proceed before the Magistrate Judge.

14. *ADR Resolution*

The parties have not engaged in settlement negotiations.  In addition, the parties do not believe that that mediation or arbitration would prove productive or successful at this time.

15. Additional *Scheduling and Discovery for Trial Preparation*

The parties do not anticipate additional scheduling and discovery believed to facilitate an expeditious and orderly preparation for trial.

16.   *Court Conference*

The parties are unaware of any matters requiring a conference with the Court at this time.

17.   *Further Orders of the Court*

The parties do not anticipate the necessity of further orders at this time.

Dated: March _____, 2008

Respectfully submitted,

**ABDELHADI & ASSOCIATES, P.C.**

By: _____
Husein A. Abdelhadi
Texas Bar No. 24004520
4144 N. Central Expressway, Ste. 1210
Dallas, Texas 75204
(214) 219-8803 telephone
(214) 219-8804 fax
ATTORNEY FOR PLAINTIFF

RICHARD B. ROPER
United States Attorney

By: _____
E. Scott Frost
Assistant United States Attorney
Texas State Bar No.07488080
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
(806) 472-7566 telephone
(806) 472-7324 fax
scott.frost@usdoj.gov  E-mail

**HAJMOHAMMAD/ JOINT REPORT PROPOSAL**                                    4