IN THE UNITED SATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HASAN A. HAJMOHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08-CV-0021-BD |
| ) | Referred to U.S. Magistrate Judge |
| LISA KEHL, District Director, ) | ECF |
| U.S. Citizenship and Immigration ) | |
| Services, et al. ) | |

APPENDIX TO MOTION TO DISMISS PETITION
FOR LACK OF SUBJECT MATTER JURISDICTION
WITH MEMORANDUM BRIEF

| | | Pages |
|---|---|---|
| 1. | Notice to Appear, dated August 27, 2008 | 1-3 |
| 2. | Decision Letter to Mr. Hajmohammad, dated August 27, 2008 | 4-5 |
| 3. | Notice of Intent to Revoke Letter to Islamic Trust of North Texas, dated August 18, 2008 | 6-12 |
| 4. | Notice of Intent to Revoke Letter to U.S. Citizenship and Immigration Services, Department of Homeland Security, dated August 22, 2008 | 13 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   I also certify that a copy of this document was served on:

>Husein A. Abdelhadi
>Abdelhadi & Associates, P.C.
>4144 N. Central Expressway
>Suite 1210
>Dallas, Texas 75204


>/s/ Angie L. Henson
>ANGIE L. HENSON
>Assistant United States Attorney

U.S. Department of Homeland Security
Citizenship and Immigraton Services

# Notice to Appear

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No : **A74651102**

In the Matter of :

Respondent : **Hasan Ahmad Hajmohammad**   currently residing at :

2912 Laramie St.., Irving, TX 75062   Unknown
(Number, street, city, state and ZIP code)   (Area code and phone number)

[ ]  1. You are an arriving alien.

[ ]  2. You are an alien present in the United States who has not been admitted or paroled.

[X]  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you :
1.) You are not a citizen or national of the United States;

2.) You are native of Jordan and a citizen of Jordan;

3.) You were admitted to the United States at Dallas, Texas on or about August 15, 1989 as a F-1 nonimmigrant student to attend the University of North Texas in Denton, Texas.

4.) On May 8, 1996, you signed a Trust Agreement with the Islamic Trust of North Texas;

5.) On June 18, 1996, you signed a Petition for Amerasian, Widow or Special Immigrant, form I-360;

6.) The I-360 visa petition listed the petitioner as the Islamic Trust of North Texas;

continued

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law :
237(a)(1)(A) of the Immigration and Nationality Act (Act), as amended, in that at the time of entry or adjustment of status, you were within one or more classes of aliens inadmissible by the law existing at such time, to wit: aliens immigrants who are not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by the Act, or who are not in possession of a valid unexpired passport, or other suitable
continued

[ ] This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[ ] Section 235(b)(1) order was vacated pursuant to :   [ ] 8CFR 208.30(f)(2)   [ ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
1100 Commerce St., Room 404, Dallas, TX 75242

(Complete Address of Immigration Court, Including Room Number, if any)

on __(to be determined)__ at _____ to show why you should not be removed from the United States based on the
   (Date)                  (Time)
charge(s) set forth above.

_____
Field Office Director
(Signature and Title of Issuing Officer)

Date : **AUG 27 2008**

Dallas, TX
(City and State)

See reverse for important information

Form I-862 (Rev. 4-1-97)N

0001

U.S. Department of Justice  
Immigration and Naturalization Service                     Continuation Page for Form    I-862

| Subject's Name | File Number | Date |
|---|---|---|
| Hajmohammad, Hasan Ahmad | A74651102 | AUG 2 7 2008 |

## Allegations:

7.) The I-360 visa petition and the supporting documenation fails to show the required years of qualifying religious work.

8.) You were admitted into the United States at Dallas, TX on or about April 3, 1998 as a lawful permanent resident;

9.) You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card or other valid entry document.

10.) At the time of your admission you did not possess or present a valid labor certification issued by the Secretary of Labor, nor were you properly exempted therefrom.

## Charges:

travel document, or identity and nationality document if such document is required by regulations issued by the Attorney General pursuant to Section 212(a)(7)(A)(i)(I).

Section 237(a)(1)(A) of the Immigration and Nationality Act (Act), as amended, in that at the time of entry or adjustment of status, you were within one or more of the classes of aliens inadmissible by the law existing at such time, to wit: any alien who seeks to enter the United States for the purpose of performing skilled or unskilled labor and in whose case the Secretary of Labor has not made the certification as provided by Section 212(a)(5)(A)(i) of the Act.

| Signature | Title |
|---|---|
| [signature] | Field Office Director |

Form I-831 Continuation Page (Rev. 6/12/92)

2 of 2 Pages  
*U.S. GPO 1992-312-483/72345

0002

## Notice to Respondent

**Warning :** Any statement you make may be used against you in removal proceedings.

**Alien Registration :** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation :** If you so choose, you may be represented in this proceeding, at no expense to the Government,. by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier that ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing :** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any witnesses presented by the Government. At the conclusion of your hearing, you have the right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear :** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

## Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before and immigration judge.

_____
Hasan Ahmad Hajmohammad
(Signature of Respondent)

Before :

_____
District Adjudications Officer
(Signature and Title of INS Officer)

Date : _____

### Certification of Service

This Notice to Appear was served on the respondent by me on _____ (Date), in the following manner and in compliance with section 239(a)(1)(F) of the Act :

[X] in person     [ ] by certified mail, return receipt requested     [ ] by regular mail

[X] Attached is a list of organizations and attorneys which may provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Hasan Ahmad Hajmohammad _Hand Delivery_ /s/ Clark for H.A. Hajmohammad
(Signature of Respondent if Personally Served)

District Adjudications Officer
(Signature and Title of Officer)

Form I-862 (Rev. 4-1-97)

0003

U.S. Department of Homeland Security
8101 Stemmons Freeway
Dallas, Texas 75247



U.S. Citizenship
and Immigration
Services

Date: AUG 27 2008

File: A074 651 102

Hasan Ahmad HajMohammad
2912 Laramie St.
Irving, Texas 75062

## DECISION

On June 24, 2003, you filed an Application for Naturalization, Form N-400, in accordance with Section 316 of the Immigration and Nationality Act, as amended.

Section 318 of the Immigration and Nationality Act, as amended, states in pertinent part:

> Except as otherwise provided in this title, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this Act... Notwithstanding the provisions of section 405(b), and except as provided in Sections 328 and 329, no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act...

Service records reflect that on August 27, 2008, a Notice to Appear was served upon you based on you being ineligible at the time of adjustment under Section 237(a)(1)(A).

Therefore, in accordance with Section 318 of the Immigration and Nationality Act you are ineligible for naturalization.

0004

If you desire to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for hearing. You must file the request within 30 days of the date of this notice. If no request for hearing is filed within the time allowed, this decision is final. A request for hearing may be made to the District Director with the United States Citizenship and Immigration Service office that made the decision. You should file the request with a fee of $605.00 on Form N-336, Request for Hearing on a Decision in Naturalization Proceedings, under Section 336 of the Act. A brief or other written statement in support of your request may be submitted with the N-336.

Sincerely,

Tracy Tarango
Field Office Director

cc: Attorney



U.S. Department of Homeland Security
P.O. Box 850965
Mesquite, TX 75185-0965

**U.S. Citizenship and Immigration Services**

Date: AUG 1 8 2008

Islamic Trust of North Texas
P.O. Box 157
Sherman, TX 75091

Petitioner:     Islamic Trust of North Texas
Beneficiary:    MAJMOHAMMAD, Hasan A.
Form #:         I-360, Petition for Amerasian, Widow(er), or Special Immigrant
File:           A74651102/ SRC9621651025

### Notice of Intent to Revoke

This letter refers to the I-360 (Petition for Amerasian, Widow(er), or Special Immigrant) you, the petitioner, filed with this Center on August 12, 1996, to accord classification to the beneficiary under Section 101(a)(27)(C) of the Immigration and Nationality Act (INA). The petition was approved November 5, 1996.

Subsequent to the date of approval, a review of the file determined that the I-360 petition did not include various documents needed for the approval of this petition.

**Section 203(b)(4) of the Immigration and Nationality Act (Act) provides classification to qualified special immigrant religious workers as described in section 101(a)(27)(C) of the Act, 8 U.S.C. 1101(a)(27)(C),** which pertains to an immigrant who:

> *(i) for at least 2 years immediately preceding the time of application for admission, has been a member of a religious denomination having a bona fide nonprofit, religious organization in the United States;*
>
> *(ii) seeks to enter the United States—*
>
> > *(I) solely for the purpose of carrying on the vocation of a minister of that religious denomination,*
> >
> > *(II) before October 1, 2008, in order to work for the organization at the request of the organization in a professional capacity in a religious vocation or occupation, or*
> >
> > *(III) before October 1, 2008, in order to work for the organization (or for a bona fide organization which is affiliated with the religious denomination and is exempt from taxation as an organization described in section 501(c)(3) of the Internal Code of 1986) at the request of the organization in a religious vocation or occupation; and*
>
> *(iii) has been carrying on such vocation, professional work, or other work continuously for at least the 2-year period described in clause (i).*

*[signature]* Hand Delivered
TJ  DL  S/R

www.uscis.gov

0006

**Title 8 Code of Federal Regulations (CFR) at Section 204.5(m)(1)** states, in pertinent part, that:

> *All three types of religious workers must have been performing the vocation, professional work, or other work continuously (either abroad or in the United States) for at least the two year period immediately preceding the filing of the petition.*

As cited above, the Immigration and Nationality Act at section 101(a)(27)(C)(iii) states, *has been carrying on such vocation, professional work, or other work continuously for at least the 2-year period described in clause (i).*

This regulation has long been interpreted by the Service to mean that the beneficiary have been continuously carrying on the religious occupation specified in the petition for the two years preceding filing.

Your petition was filed on August 12, 1996. In order to comply with the two-year prior experience requirement all evidence must indicate two years of continuous experience in the same position within the same religious denomination. The time frame to indicate the beneficiary's such experience for this petition is August 12, 1994 to August 12, 1996.

In the instant case, the petitioner submitted a letter dated June 28, 1996, signed by Ibrahim Abu Sarris, M.D., it states in part:

> "Mr. HajMoahammad has been a member of The Islamic Trust of North Texas for four years. During this time, he has selflessly given of his time in many ways, including volunteering to assist with many projects and events... Mr. HajMohammad's commitment to his religion is exemplified by the fact that he has memorized 1/3 of the Holy Quran, and gives Khutba (sermons) on some Fridays in most of the Masjeds in the Dallas metroplex. He has also written articles for Al-Amal Magazine and Palestine Al-Muslim Magazine and has volunteered to help organize many of the Muslim libraries in the Dallas area.
>
> Mr. HajMohammad has performed volunteer work for several religious organizations. For example, he was a volunteer for the Islamic Association of Denton, Texas, and he has volunteered to help our own organization since it was founded. His familiarity with our organization is yet another reason that we desire his services."

Also submitted is a second letter dated June 28, 1996, also signed by Ibrahim Abu Sarris, M.D., it states in part:

> "We are offering Mr. HajMohammad a job as a Director of Education and Library Services...
>
> Since 1991, he has worked as the manager responsible for land management and burial services at The Cemetery in Denton, Texas. In fact, he is Vice President and member of the Board of Directors of The Cemetery, which is the first Muslim cemetery in the North Texas area...
>
> Mr. HajMohammad will be paid a salary of approximately $30,000.00 from funds that are available to us through Trust principal, income, and ongoing donations and fund-raisers..."

The evidence on hand includes a letter from the Islamic Association of North Texas, Inc., dated June 3, 1996, signed by Ghassan Saleh, it states in part:

> "I have known Mr. HajMohammad as the vice president of the Muslim Cemetery of North Texas where he performed most of the Muslim funeral services in North Texas for the past five years. In addition I have known him as an Imam (Religious leader) for the Islamic Society of Denton. Mr. HajMohammad is also a volunteer in the IANT library to organize the reference section."

Service records demonstrate that the beneficiary entered the United States on August 15, 1989, as a nonimmigrant Student under F-1 status. It can be determined that the beneficiary was attending school while working as a volunteer for the petitioner and other organizations. Because the statute requires two years of continuous experience in the same position for which special immigrant classification is sought, and this type of proposed position is a salaried position, the USCIS interprets the regulations to require that the prior experience have been salaried employment as well.

In review, the petitioner did not provide a detailed description of the beneficiary's means of financial support in this country. Absent a detailed description of the beneficiary's employment history in the United States, supported by corroborating evidence such copies of pay stubs, W-2s and certified tax documents, the USCIS is unable to conclude that the beneficiary had been engaged in any particular occupation, religious or otherwise, during the two-year qualifying period.

The legislative history of the religious worker provision of the Immigration Act of 1990 states that a substantial amount of case law had developed on religious organizations and occupations, the implication being that Congress intended that his body of case law be employed in implementing the provision. See H.R. Rep. No. 101-723, at 75 (1990).

The statute states that at Section 101(a)(27)(c)(iii) that the religious worker must have been carrying on the religious vocation, professional work, or other work continuously for the immediately preceding two years. Under Schedule A (prior to the Immigration Act of 1990), a person seeking entry to perform duties for a religious organization was required to be engaged "principally" in such duties. "Principally" was defined as more than 50 percent of the person's working time.

Under prior law a minister of religion was required to demonstrate that he/she had been "continuously" carrying on the vocation of a minister for the two years immediately preceeding the time of application. The term "continuously" was interpreted to mean that one did not take up any other occupation or vocation. *Matter of B*, 3 I&N Dec. 162 (CO 1948).

The term "continuously" also is discussed in a 1980 decision where the Board of Immigration Appeals determined that a minister of religion was not continuously carrying on the vocation of minister when he was a full-time student who was devoting only nine hours a week to religious duties. *Matter of Varughese*, 17 I&N Dec. 399 (BIA 1980).

Later decisions on religious workers conclude that, if the worker is to receive no salary for church work, the assumption is that he/she would be required to earn a living by obtaining other employment. *Matter of Bisulca*, 10 I&N Dec. 712 (Reg. Com. 1963) and *Matter of Sinha*, 10 I&N Dec. 758 (Reg. Com 1963).

In line with these past decisions and the intent of Congress, it is clear, therefore, that to be continuously carrying on the religious work means to do so on a full-time basis. That the qualifying work should be paid employment, not volunteering, is inherent in those past decisions which hold that, if the religious worker is not paid, the assumption is that he/she is engaged in other, secular employment. The idea that a religious undertaking vocation who in accordance with their vocation live in a clearly unsalaried environment, the primary examples in the regulations being nuns, monks, and religious brothers and sisters. Clearly therefore, the qualifying two years of religious work must be full-time and salaried. To be otherwise would be outside the intent of Congress.

Furthermore, in evaluating a claim of prior work experience, the Service must distinguish between common participation in the religious life of a denomination and engaging continuously in a religious occupation. It is traditional in many religious organizations for members to volunteer a greater deal of their time serving on committees, visiting the sick, serving in the choir teaching children's religion classes, and assisting the ordained ministry without being considered to be carrying on a religious occupation. It is not reasonable to assume that the petitioning religious organization, or any employer, could place the same responsibilities, the same control of time, and the same delegation of duties on an unpaid volunteer as it could on a salaried employee. Nor is there any means for the Service to verify a

claim of past "volunteer work" similar to verifying a claim of past employment. For all these reasons, the Service holds that lay persons who perform volunteer activities, especially while also engaged in a secular occupation, are not engaged in a religious occupation and that the voluntary activities do not constitute qualifying work experience for the purpose of an employment-based special immigrant petition.

It is concluded that the evidence submitted is insufficient to establish that the beneficiary had been continuously engaged in a qualifying religious vocation or occupation for the two-year period immediately preceding the filing date of the petition.

**Title 8 Code of Federal Regulations (CFR) at Section 204.5(g)(2) states, in pertinent part, that:**

> *Any petition filed by or for an employment-based immigrant which requires an offer of employment must be accompanied by evidence that the prospective United States employer has the ability to pay the wage. The petitioner must demonstrate this ability at the time the priority date is established and continuing until the beneficiary obtains lawful permanent residence. Evidence of this ability shall be either in the form of annual reports, federal tax returns, or audited financial statements.*

The evidence on hand indicates that the proffered wage is $30,000 a year. In order to demonstrate ability to pay the beneficiary only submitted IRS Form 990 for the year 1994. It demonstrates a net asset in the amount of $12,764.00. Other financial documentation was not submitted.

According to Federal Regulations, the petitioner must demonstrate the ability to pay the proffered wages at the time the priority date is established and continuing until the beneficiary obtains lawful permanent residence.

Not stated is the total amount of employees paid a salary by the church. No information is available that shows the amount of employees, title or job descriptions and the amount of the salary of all the petitioner's employees. No other documentation to show income and operating expenditures that would substantiate the ability to pay for the beneficiary and any other employee of the church.

Ability to pay can only be concluded after weighing assets and monies minus expenditures, etc. by reviewing annual financial statements, membership rolls, personnel rosters, payments and earning statements.

The above-cited regulation at 8 C.F.R. 204.5(g)(2) states that evidence of ability to pay "shall be" in the form of tax returns, audited financial statements, or annual reports. The petitioner is free to submit other kinds of documentation, but only in addition to, rather than in place of, the types of documentation required by the regulation.

In the instant petition, the petitioner's ability to pay was not proven.

**Title 8 Code of Federal Regulations (CFR) at Section 204.5(m)(3) states, in pertinent part, that each petition for a religious worker must be accompanied by:**

> *(i) Evidence that the organization qualifies as a nonprofit organization in the form of either:*
>
> *(A) Documentation showing that it is exempt from taxation in accordance with section 501(c)(3) of the Internal Revenue Code of 1986 as it relates to religious organizations; or*
>
> *(B) Such documentation as is required by the Internal Revenue Service to establish eligibility for exemption under section 501(c)(3).*

You submitted an IRS tax exept certification dated April 16, 1992, classifying your organization under section 509(a)(1) and 170(b)(1)(A)(iv) or the Internal Revenue code described in section 501 (c)(3).

While the IRS will grant tax-exempt status to organizations operated for religious purposes under section 170(b)(1)(a)(vi), clause (vi) covers not only organizations operated for religious purposes but also organizations formed for charitable, scientific, literary, or educational purposes, or to foster amateur sport or to prevent cruelty to children or animals. This section refers to entities that receive a substantial part of their support in the form of contributions from publicly supported organizations, from a governmental unit, or from the general public. An organization granted tax-exempt status under section 170(b)(1)(a)(vi) of the IRC need not be operated exclusively for religious purposes. To satisfy 8 C.F.R. 204.5(m)(3)(i), the petitioner must establish that its tax exemption is based on its status as a religious organization; and that you are organized for religious purposes and operate under the principles of a particular faith, rather than solely for education, charitable, scientific and other 501(c)(3) qualifying purposes. Evidence to properly establish the status of a non-profit religious organization must include: brochures, calendars, flyers and other literature describing the religious purpose and nature of the activities of the organization.

**Title 8 Code of Federal Regulations (CFR) at Section 204.5(m)(2)** states, in pertinent part, that:

> *Minister means an individual duly authorized by a recognized religious denomination to conduct religious worship and to perform other duties usually performed by authorized members of the clergy of that religion. In all cases, there must be a reasonable connection between the activities performed and the religious calling of the minister. The term does not include a lay preacher not authorized to perform such duties.*

> *Religious occupation means an activity which relates to a traditional religious function. Examples of individuals in religious occupations include, but are not limited to, liturgical workers, religious instructors, religious counselors, cantors, catechists, workers in religious hospitals or religious health care facilities, missionaries, religious translators, or religious broadcasters. This group does not include janitors, maintenance workers, clerks, fund raisers, or persons solely involved in the solicitation of donations.*

> *Religious vocation means a calling to religious life evidenced by the demonstration of commitment practiced in the religious denomination, such as the taking of vows. Examples of individuals with a religious vocation include, but are not limited to, nuns, monks, and religious brothers and sisters.*

**Title 8 Code of Federal Regulations (CFR) at Section 204.5(m)(4)** states, in pertinent part, that:

> *Job offer. The letter from the authorized official of the religious organization in the United States must state how the alien will be solely carrying on the vocation of a minister, or how the alien will be paid or remunerated if the alien will work in a professional capacity or in other religious work. The documentation should clearly indicate that the alien will not be solely dependent on supplemental employment or the solicitation of funds for support.*

To establish eligibility for special immigrant classification, the petitioner must establish that the specific position that it is offering qualifies as a religious occupation as defined in these proceedings. The statute is silent on what constitutes a "religious occupation" and the regulation states only that it is an activity relating to a traditional religious function. The regulation does not define the term "traditional religious function" and instead provides a brief list of examples. The list reveals that not all employees of a religious organization are considered to be engaged in a religious occupation for the purpose of special immigrant classification. The regulation states that positions such as cantor, missionary, or religious instructor are examples of qualifying religious occupations. Persons in such positions must complete prescribed courses of training established by the governing body of the denomination and their services are directly related to the creed and practice of the religion. The regulation reflects that nonqualifying positions are those duties are primarily administrative or secular in nature. Persons in such positions must be qualified in their occupation, but they require no specific religious training or theological education.

The Service therefore interprets the term "traditional religious function" to require a demonstration that the duties of the position are directly related to the religious creed of the denomination, that specific prescribed religious training or theological education is required, that the position is defined and recognized by the governing body of the denomination, **and that the position is traditionally a permanent, full-time, salaried occupation within the denomination.**

The proffered job is of a Director of Education and Library Services.

The petitioner submitted a copy of the beneficiary's transcripts along with an education evaluation. The education evaluation indicates that the beneficiary holds a degree in the field of Library and Information Science.

The petitioner also submitted is a letter dated June 28, 1996, also signed by Ibrahim Abu Sarris, M.D., it states in part:

> "We are offering Mr. HajMohammad a job as a Director of Education and Library Services... Mr. HajMohammad will teach Islam to children and will organize and promote periodic fund raising events to generate money for our school and other religious purposes. He will also be in charge of organizing and managing our libraries, which involves staffing decisions, book and periodical ordering, care and dissemination, and general library management... He will also write promotional material for informational and fund raising purposes... Finally, he will act as an interpreter for children and families in our school who do not speak English or have difficulty speaking English.
>
> Mr. HajMohammad will be paid a salary of approximately $30,000.00 from funds that are available to us through Trust principal, income, and ongoing donations and fund-raisers..."

The petitioner fails to indicate the size of its congregation and average amount of people attending your church various activities and functions.

A review of the job duties described above establishes that the proffered job is more of an administrative and secular occupation. In addition the evidence on hand clearly states that the beneficiary is to is to participate in fund raising activities to generate money for "the school and religious purposes." Section 204.5(m)(2) clearly indicates fund raisers and persons solely involved in the solicitation of donations are not to be considered as a religious occupation. Therefore, it is to be determined that the beneficiary's prospective occupation is not a religious one.

In reaching a determination on whether a position constitutes a religious occupation for the purpose of special immigrant classification, the Service must distinguish between common participation in the religious life of a denomination and engaging in a religious occupation. The Service interprets its own regulations to hold that religious occupations are full-time paid positions requiring specific religious training.

While the determination of an individual's status or duties within a religious organization is not under the USCIS's purview, the determination as to the individual's qualification to receive benefits under the immigration laws of the United States rests within the USCIS. Authority over the latter determination lies not with any ecclesiastical body but with the secular authorities of the United States. *Matter of Hall, 18 I&N. Dec. 203 (BIA 1982); Matter of Rhee, 16 I&N Dec. 607 (BIA 1978).*

**Section 205** of the INA states:

> *The Attorney General may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under Section 204. Such revocation shall be effective as of the date of approval of any such petition.*

The record contains substantial evidence supporting this revocation decision, the original approval having overestimated eligibility, which was challenged, by later-revealed evidence. [Tongatapu Woodcraft Hawaii, Ltd. v. Feldman, 736 F.2d 1305, 1308-1310 (9th Cir.1984)].

Demonstrating that the beneficiary did not, in fact, qualify for the benefits obtained by the approval of this petition. Consequently, the available evidence no longer supports the petition's approval.

In *Matter of Cheung*, 12 I&N Dec. 715 (BIA 1968), the Board specified that the burden remains with the petitioner in revocation proceedings to establish that the beneficiary qualifies for the benefit sought under the immigration laws, a principle which was reaffirmed in *Matter of Estime*, 19 I&N Dec. 450 (BIA 1987). See also, Section 291 INA, you, the petitioner, bear sole responsibility to establish eligibility for the desired classification.

In visa petition proceedings, the petitioner has the burden of establishing eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966).

Because the USCIS has derogatory information regarding the validity of this application, an opportunity is being afforded to you to submit countervailing evidence.

You are hereby granted a period of **five days** in which to submit evidence in support of the petition and in opposition to its intended revocation. At the conclusion of that five-day period, or upon submission of evidence, a final decision will be made.

Sincerely,

David L. Roark, Director
Texas Service Center

Officer #0192

cc:

Husein Abdelhadi
4144 N. Central Expressway, Suite 1210
Dallas, TX  75204

# ABDELHADI & ASSOCIATES, P.C.
# ATTORNEYS AT LAW

Suite - UPTOWN TOWER
4144 N. Central Expy.
Dallas, Texas 75204
(214) 219-8803 office
(214) 219-8804 facsimile
www.aalaw.net

Husain A. Abdelhadi
Irrekka L. Clark
Iman A. Abdelhadi

August 22, 2008

**VIA COURIER DELIVERY**

U.S. Department of Homeland Security
U.S. Citizenship & Immigration Services
Texas Service Center
4144 St. Augustine Rd.
Dallas, TX 75227
**Attn: Officer # 0192**

> RE: NOTICE OF INTENT TO REVOKE
> File #: A74651102 / SRC 96-216-51025
> Form #: I-360, Petition for Special Immigrant
> Petitioner: Islamic Trust of North Texas
> Beneficiary: Hajmohammad, Hasan A.
> Date of Birth: November 6, 1963

Officer 0192:

This letter is in regard to your Notice of Intent to Revoke (NOIR) dated August 18, 2008 (see attached). We have never had the privilege of being served personally, not by one, but two of your officers. We found this to be a little unusual, but nevertheless are flattered by the attention.

This is a formal request to provide additional time to respond to the NOIR. The five days to respond is not only unreasonable, but excellent grounds for an appeal. Furthermore, this is a formal request for a copy of the file. After twelve years, there is no longer a file to keep, especially after Mr. Hajmohammad was already adjusted for many years.

Thank you in advance for your consideration of this request.

0013