IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HASAN A. HAJMOHAMMAD, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:08-CV-0021-BD |
| | § | Referred to U.S. Magistrate Judge |
| | § | |
| LISA KEHL, District Director, | § | |
| U.S. Citizenship and Immigration | § | |
| Services, Et Al., | § | **ECF** |
| Defendants. | § | |

## DEFENDANTS' PROPOSED CONCLUSIONS OF LAW

Defendants file these proposed conclusions of law:

1. The petition should be dismissed for lack of subject matter jurisdiction.

2. This Court does not have jurisdiction to consider Hajmohammad's petition while removal proceedings are pending.

3. A Notice to Appear issued in a removal proceeding "shall be regarded as a warrant of arrest". 8 C.F.R. § 318.1.

4. A district court can address the administrative delay of an application that the Attorney General *may* consider. 8 U.S.C. § 1447(b). But section 1429 does not allow the Attorney General to consider naturalization applications when a removal proceeding is pending. Section 1429 requires Hajmohammad to wait until the termination of the

Defendants' Proposed Conclusions of Law - Page 1

removal proceeding before either a district court or the USCIS can entertain a question regarding his naturalization application.

5. Section 1429 is interpreted to be the "priority provision" of the Immigration and Nationality Act and requires that naturalization be delayed pending the outcome of deportation proceedings. *Shomberg v. U.S.*, 348 U.S. 540, 544 (1955).

6. "Where the [former] INS has denied an application for naturalization on the ground that removal proceedings are pending, . . . the district court's de novo review is limited to review of that threshold determination [that an Notice to Appear was issued]." *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir.2004); *Christopher L. Esomo v. USCIS,* No. 3:07-CV-1814-K, 2008 WL 3172779 (N.D. Tex. July 25, 2008).

7. Section 1429 requires that Hajmohammad "wait until the termination of the removal proceeding before either a district court or the USCIS entertains a question regarding his naturalization application." *Saba-Bakare v. Chertoff*, 507 F.3d 337 (5th Cir. 2007).

8. Hajmohammad's I-360 was not supported by appropriate evidence that he was a religious worker. The approval of the I-360, therefore, was in error.

9. The approval of Hajmohammad's I-360 has been revoked, putting his status as a lawful permanent resident in question. This Court does not have jurisdiction over Hajmohammd's petition while his status as a legal permanent resident is in question.

10. The question of Hajmohammad's status must be decided before he can be eligible to apply for naturalization. 8 U.S.C. § 1445(b). He, therefore, is not eligible to be naturalized.

11. Because he is not eligible to apply for naturalization, the Court is without jurisdiction to hear his petition for naturalization.

12. Because the I-360 should not have been approved, his I-485 application for adjustment of status should not have been approved. Because his I-485 should not have been approved, his status as a lawful permanent resident is in question, and the case should be remanded for an appropriate determination of his status. Hajmohammad cannot be naturalized until his status as a lawful permanent resident is finally determined.

13. The court must give priority to removal proceedings and, therefore, must dismiss this action.

***Conclusions of law no. 14-16 are submitted in the event the Court does not dismiss the petition:***

14. "CIS and the federal law enforcement agencies with which it works in the investigative process have a great deal more expertise than the Court in both (i) identifying the potentially problematic information that has been uncovered in a background check, and (ii) following up to determine whether this information truly reflects legitimate national security or public safety concerns, or instead is merely a 'false positive.'" *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 843-44 (E.D. Mich. 2006).

15. USCIS is better suited to making the naturalization decisions *ab initio* and the Court is better suited to judicial review of those decisions.

16. USCIS has not spent an unreasonable amount of time processing the application. The case, therefore, is remanded to the USCIS to complete the processing.

***Conclusions of law no. 17-19 are submitted in the event the Court does not dismiss the petition or remand the case:***

17. Hajmohammad is not eligible to become a naturalized citizen because he failed to show that he is a lawful permanent resident.

18. Hajmohammad is not eligible to become a naturalized citizen because he failed to show an attachment to the United States Constitution.

19. The petition is denied.

                                                Respectfully submitted,

                                                RICHARD B. ROPER
                                                UNITED STATES ATTORNEY

                                                /s/ *Angie L. Henson*
                                                ANGIE L. HENSON
                                                Assistant United States Attorney
                                                1100 Commerce St., Suite 300
                                                Dallas, Texas  75242
                                                Texas Bar No. 09492900
                                                Telephone:  214.659.8600
                                                Fax: 214.767.2916
                                                Angie.Henson@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on August 29, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I also certify that a copy of this document was served on Hussein A. Abdelhadi, Counsel for Plaintiff Hasan Hajmohammad, at 4144 N. Central Expressway, Suite 1210, Dallas, Texas 75204, by first class mail.

     /s/ *Angie L. Henson*
     ANGIE L. HENSON
     Assistant United States Attorney