IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Hasan A. Hajmohammad,** | § | Civil Action No. 3:08-CV-0021-K |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| **Lisa Kehl, District Director U.S.** | § | |
| **Citizenship & Immigration Services;** | § | |
| **Dr. Emilio Gonzalez, Director U.S.** | § | |
| **Citizenship & Immigration Services;** | § | |
| **Michael Chertoff, Secretary Department** | § | |
| **of Homeland Security; Michael B.** | § | |
| **Mukasey, U.S. Attorney General; Robert S.** | § | |
| **Mueller III, Director, Federal Bureau of** | § | |
| **Investigation ("FBI"),** | § | Alien No. A75 240 006 |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION TO DISMISS

    NOW COMES Plaintiff, Hassan Hajmohammad, and hereby files this Motion to Dismiss. In support thereof, Plaintiff would show this Honorable Court as follows:

    In reliance of 28 U.S.C. §1331 and 8 U.S.C. §1447(b), Plaintiff Hassan Hajmohammad filed this action because of the Defendant United States Citizenship and Immigration Service's (USCIS) nearly 4-year delay in processing his naturalization application ("application"). Consequently, Defendant has sought to thwart Plaintiff's right to pursue judicial determination of his application.

    On May 4, 2008, Defendant examined Plaintiff on his application, and informed him that he passed all parts thereof. Thus, Plaintiff thereby met the statutory requirements for naturalization which were enacted by Congress pursuant to its Constitutional authority. Plaintiff clearly also passed all non-statutory CIS requirements, namely all fingerprint, name, and criminal background checks conducted by Defendants, as Defendant CIS has not advanced a denial on those grounds.

    However, Defendant has, within the past 2 weeks, hunted for grounds to remove Plaintiff's voice from this Court. When Defendant could not deny Plaintiff's application on the results of his name check, Defendant created error behind every primary immigration benefit it granted Plaintiff to date. For example, Defendant granted Plaintiff lawful permanent residence

over 10 years ago.  Defendant granted this status based on an immigrant petition Defendant approved more than 12 years ago.  In its undying quest to preclude the judicial adjudication of Plaintiff's application, however, Defendant undermined its own integrity, and revoked the very petition that it approved 12 years earlier on the same information.  Defendant made the revocation effective as of the original approval date 12 years ago.  To revoke a petition that has been approved for 12 years--- a petition that would undoubtedly remain untouched but for this present litigation against Defendants--- is disreputable and unacceptable for a governmental entity.  This conduct by Defendant establishes that, when the facts suggest that it will not prevail, Defendant resorts to bad faith.

In addition, Defendant issued a Notice to Appear to place Plaintiff in proceedings to remove him from the United States for failure to possess a valid immigrant visa, even though he is a permanent resident.  Moreover, Defendant denied Plaintiff's application for naturalization on the misrepresentation that removal proceedings were pending against Plaintiff.  It is established that removal proceedings commence with the filing of the Notice to Appear with the immigration Court.  8 C.F.R. §1239.1. However, Defendant has not filed the Notice to Appear with the immigration Court as of September 3, 2008.  Yet Defendant misrepresents the pendency of removal proceedings to this Court.  In so doing, Defendant silences Plaintiff's voice and shifts the scope of judicial review to the essentially limited issue of whether removal proceedings are pending against Plaintiff. As a result, the immediate remedy available to Plaintiff under these circumstances is worth less than the paper upon which it would be printed.

Also, in a last minute attempt to circumvent Plaintiff's rights, Defendants attempt to submit as an exhibit *The Government's Brief in Support of Admission of Exhibits Seized During the Search of the Home of Ismael Elbarasse.*   This information is inadmissible, irrelevant, and unrelated to Plaintiff's claim. Also, the mere alleged association of Plaintiff with the unrelated case is grossly and unduly prejudicial.  The attempt to relate Plaintiff's case to a case that Defendants lost, and one that carries a negative sentiment, is reaching and unethical.  It is merely offered as a red herring to frustrate Plaintiff in exercising his rights in this litigation. Defendants' efforts to secure a victory based on such unethical dealings cannot be tolerated.

Never once did Plaintiff believe that retaliatory actions from Defendants would result as a consequence of his filing this suit.  Plaintiff merely wanted to actualize his long-awaited dream of becoming a U.S. citizen.  He has paid taxes, and abided by the laws of the land.   His long-standing commitment to this country, nevertheless, was repaid with threats to his immigration status, as well as those of his wife and children.  No loving, responsible father and husband could continue with his claim under these circumstances.  Defendant's actions are sly and tantamount to official misconduct.  What's worse, Defendant has circumvented Plaintiff's congressionally mandated right to present his case *de novo* before this Court.  This case is not one of first instance.[1]  Defendants' approach is reprehensible, and generates a sense of mistrust in immigrant community.  It further sends a message of retaliation to those who would exercise this right.  Defendant has effectively brow-beat Plaintiff into acquiescence, and he now moves to dismiss his claim.

---

[1] See *Esomo v. Barrows, et.al.*, 2008 WL 3172779 (N.D.Tex); See also *Saad v. Barrows*, 2004 WL 1359165 (N.D.Tex); See also *Ngwana v. Attorney General*, 40 F.Supp.2d 319(D.Md. 1999).

**Plaintiff's Motion to Dismiss**                                                                                                                   2

Under Rule 41 (a)(1) of the Federal Rules of Civil Procedure, allowing a plaintiff to voluntarily dismiss his case, Plaintiff respectfully requests this Court to dismiss his Petition for Hearing on Naturalization and for Declaratory Relief.

Respectfully submitted,

**ABDELHADI & ASSOCIATES, P.C.**

By:   /s/ Husein A. Abdelhadi
Husein A. Abdelhadi
Texas Bar No. 24004520
4144 N. Central Expressway, Ste. 1210
Dallas, Texas 75204
Tel:   (214) 219-8803
Fax:   (214) 219-8804
Email: haa@aalaw.net
ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September 2008, I electronically filed Plaintiff's Motion to Dismiss with the Clerk of the court for the United States District Court for the Northern District of Texas using the electronic filing system of the court. The following attorney, the attorney of record, receives notice of this filing:

Angie L. Henson, Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel:  (214) 659- 8600
Fax: (214) 767- 2916
Email: angie.henson@usdoj.gov

/s/ Husein A. Abdelhadi
Husein A. Abdelhadi
Attorney for Plaintiff